**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **OHIO SECURITY INSURANCE** | § | |
| **COMPANY and THE OHIO CASUALTY** | § | |
| **INSURANCE COMPANY,** | § | |
|     **Plaintiffs** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:19-CV-00041** |
| | § | |
| **GRACE FUNERAL HOME, INC.,** | § | |
|     **Defendant** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Ohio Security Insurance Company and The Ohio Casualty Insurance Company, file this Original Complaint for Declaratory Judgment against Defendant, Grace Funeral Home, Inc., pursuant to 28 U.S.C.§§ 1332 and 2201, and would respectfully show the Court as follows:

**I.
PARTIES**

1.      Plaintiff Ohio Security Insurance Company ("Ohio Security") is an insurance company incorporated in the State of New Hampshire with its principal place of business in Boston, Massachusetts. Ohio Security was, and is, duly qualified to do and transact business in the State of Texas and executes and delivers insurance policies in Texas.

2.      Plaintiff The Ohio Casualty Insurance Company ("Ohio Casualty") is an insurance company incorporated in the State of New Hampshire with its principal place of business in Boston, Massachusetts. Ohio Casualty was, and is, duly qualified to do and

transact business in the State of Texas and executes and delivers insurance policies in Texas.

3.      Defendant, Grace Funeral Home, Inc. ("Grace"), is a Texas corporation that may be served with process by serving its registered agent Charles Hauboldt at 201 Houston Highway, Victoria, Texas 77901. Plaintiffs request that summons be issued and served upon this Defendant.

## II.
## JURISDICTION AND VENUE

4.      This suit is filed pursuant to 28 U.S.C. § 2201, which authorizes actions for declaratory judgment. This suit is within the Court's diversity jurisdiction under 28 U.S.C. § 1332, because it is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000. Ohio Security and Ohio Casualty (collectively "Ohio") seek a declaratory judgment of the rights and duties of the parties pursuant to insurance policies issued by Ohio to Grace in connection with a suit, styled Cause No. 18-08-83138-B; *Henrietta Salazar, Jessie Salazar, Loyola Galvan, Deola Guijon, and Anna Valenzuela v. Grace Funeral Home, Inc.;* in the 135th Judicial District Court of Victoria County, Texas (the "Underlying Suit").  The cost of defending Grace in the Underlying Suit will be a sum in excess of the minimum jurisdictional limits of this Court.

5.      Venue is appropriate in the Southern District of Texas, Victoria Division, pursuant to 28 U.S.C. § 1391(a), because Grace is in Victoria County, Texas, and the Underlying Suit is pending in Victoria County.

6.      All persons having an interest in the outcome of this litigation have been joined as parties. The interest of Ohio is adverse to the interest of Grace. An actual

---

**Plaintiffs' Original Complaint for Declaratory Judgment**                                                   **Page 2 of 8**

controversy of a justiciable nature exists between Ohio and Grace regarding the rights and responsibilities of Ohio, if any, under the insurance policies at issue in connection with the Underlying Suit. Neither Ohio nor Grace has sought by any other legal action to adjudicate their respective rights involving the insurance policies at issue.

## III.
## BACKGROUND

7.      This declaratory action arises from professional funeral services rendered by Grace in connection with the funeral and burial of Roberta Salazar. Grace was retained by Mrs. Salazar's children to arrange her funeral service, including preparing her body for burial in a casket so her family could view her before she was laid to rest. *See* Plaintiffs' Original Petition, which is attached as Exhibit "A" at ¶12. Mrs. Salazar had provided specific instructions relating to her funeral arrangements, and her children "called upon Defendant, Grace to assist them in burying their loved one with dignity and respect." *Id*.

8.      The Plaintiffs in the Underlying Suit allege that Grace held itself out as a "leading professional" that maintains the "highest level of professional standards" in providing "unmistakable quality of care."  Ex. A at ¶13. Plaintiffs allege that "Grace claims that their professionally licensed and trained staff stand ready to provide sensitive, caring service in honoring those who have passed." *Id.* Plaintiffs further claim that, despite these claims of professionalism, Grace "illegally" cremated Mrs. Salazar's body and then sought to deceive them about the wrongful cremation. *Id.* at ¶15. Plaintiffs also allege that Grace then delivered the cremated ashes to another family, who mistakenly buried the ashes, before attempting to rectify the mistake and return the ashes of Mrs. Salazar to the family. *Id.* at ¶16. Plaintiffs assert causes of action for breach of contract,

wrongful cremation in violation of Texas Health and Safety Code, violations of the DTPA, negligence, and intentional infliction of emotional distress against Grace.

9.      Ohio Security issued a Business Owners Policy, No. BZS (17) 56 18 64 52, for the policy period July 1, 2016 through July 1, 2017, to Grace.  Ohio Casualty issued a Commercial Umbrella Policy, No. USO (17) 56 18 64 42, for the policy period July 1, 2016 through July 1, 2017, to Grace (hereinafter collectively referred to as the "Policies"). True and correct copies of both of these Policies are attached hereto as Exhibit "B" and "C."

10.      Ohio requests that the Court declare that neither Ohio Security nor Ohio Casualty has a duty to defend Grace in the Underlying Suit, because all of the actions alleged by the Underlying Plaintiffs are excluded professional services.

### IV.
### GROUNDS FOR DECLARATORY JUDGMENT

**A.      Ohio Security has no duty to defend Grace in the Underlying Suit because the "professional services" exclusion contained in the Business Owners Policy bars coverage.**

11.      The Business Owners Policy contains the Business Owners Coverage Form, form BP 00 03 01 06, which has the following exclusion:

**B. Exclusions**

**1. Applicable To Business Liability Coverage**

This insurance does not apply to:

…

**j. Professional Services**

"Bodily injury", "property damage", or "personal and advertising injury" caused by the rendering or failure to render any professional service. This includes but is not limited to:

(1) Legal, accounting or advertising services;

(2) Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;

(3) Supervisory, inspection or engineering services;

(4) Medical, surgical, dental, x-ray or nursing services treatment, advice or instruction;

(5) Any health or therapeutic service treatment, advice or instruction;

(6) Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming;

(7) Optometry or optical or hearing aid services including the prescribing, preparation, fitting, demonstration or distribution of ophthalmic lenses and similar products or hearing aid devices;

(8) Body piercing services; and

(9) Services in the practice of pharmacy[1].

…

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. …"

*See* Ex. B, pp. 67 and 75.

12.     The Commercial Umbrella Policy also contains the professional services

exclusion in form CU 88 04 07 14, which provides as following:

**"PROFESSIONAL SERVICES EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL UMBRELLA COVERAGE PART

The following exclusion is added to Section **IV. - EXCLUSIONS:**

This insurance does not apply to:

---

[1] Endorsement BP 88 04 0609 adds three additional professional services to the list: real estate agent, insurance agent, and travel agent related services; financial related services; and computer software related services.

---

**Plaintiffs' Original Complaint for Declaratory Judgment**                              **Page 5 of 8**

"Bodily injury", "property damage", "personal injury", "advertising injury" or "personal and advertising injury" caused by the rendering of or failure to render any professional service. This includes but is not limited to:

**1.** Legal, accounting or advertising services;
**2.** Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;
**3.** Supervisory, inspection or engineering services;
**4.** Medical, surgical, dental, x-ray or nursing services treatment, advice or instruction;
**5.** Any health or therapeutic service treatment, advice or instruction;
**6.** Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement,
hair removal or replacement or personal grooming;
**7.** Optometry or optical or hearing aid services including the prescribing, preparation, fitting, demonstration or distribution of ophthalmic lenses and similar products or hearing aid devices;
**8.** Body piercing services; and
**9.** Services in the practice of pharmacy.

This exclusion applies even if the "claims" against any "Insured" allege negligence or other wrong doing in the supervision, hiring, employment, training or monitoring of others by that "Insured", if the "occurrence", "offense" or other act, error or omission involved the rendering of or failure to render any professional service.

This endorsement does not change any other provision of the policy."

*See* Ex. C, page 78.

13.    Texas courts assess the duty to defend under the "eight corners" rule, which holds a carrier has a duty to defend only if the petition alleges facts potentially within the terms of the insurance policy. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA, v. Merchs. Fast Motor Lines, Inc.,* 939 S.W.2d 139, 141 (Tex. 1997). The facts alleged, rather than the legal theories, determine whether there is a duty to defend. *Farmers Texas County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex.1997).  In assessing the duty to defend, Texas courts construe policy language "according to general rules of

contract construction to ascertain the parties' intent." *Gilbert Texas Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 126 (Tex. 2010).

14.     The Plaintiffs in the Underlying Suit seek damages as a result of claimed actions and/or inactions of Grace that arise out of professional services. The Petition filed in the Underlying Action states that Grace "holds itself out to be known statewide as a 'leading professional' that maintains the 'highest level of professional standards' in providing 'unmistakable quality of care.'" Ex. A. ¶13. The Petition further alleges that Grace "claims that their professionally licensed and trained staff stand ready to provide sensitive, caring service in honoring those who have passed." *Id.* The services provided by Grace require it to exercise specialized knowledge and training. These specifically pled facts in the Petition conclusively establish that the complained of actions, errors, or omissions by Grace involve the rendering of, or failure to render, a professional service, which are excluded by the Policies.

15.     Based on the clear language of the "Professional Services Exclusion" contained in the Policies and the specific facts alleged in the Petition, burial/cremation services are excluded "professional services". Accordingly, Ohio has no duty to defend Grace in the Underlying Suit.

WHEREFORE, PREMISES CONSIDERED, Ohio Security Insurance Company and The Ohio Casualty Insurance Company pray that Grace Funeral Home, Inc. be cited to appear and answer herein, and that on final hearing, Ohio Security Insurance Company and The Ohio Casualty Insurance Company have judgment as follows:

1.     A declaration that, pursuant to Business Owners Policy No. BZS 56 18 64 52 52 and Commercial Umbrella Policy No. USO (17) 56 18 64 42,  Ohio Security Insurance Company and The Ohio Casualty Insurance Company have no duty to defend Grace Funeral Home, Inc., in connection with the

Underlying Suit, styled Cause No. 18-08-83138-B, *Henrietta Salazar, Jessie Salazar, Loyola Galvan, Deola Guijon, and Anna Valenzuela v. Grace Funeral Home, Inc.;* In the 135th Judicial District Court of Victoria County, Texas; and

2.    Such other and further relief to which Ohio Security Insurance Company and The Ohio Casualty Insurance Company may be entitled, whether at law or in equity.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:    (512) 472-7700
Facsimile:    (512) 472-0205

By:   */s/ Catherine L. Hanna_____*
       Catherine L. Hanna
       Attorney-in-Charge
       State Bar No. 08918280
       Email: channa@hannaplaut.com
       Tara D. Mireur
       State Bar No. 24001959
       Email: tmireur@hannaplaut.com

**ATTORNEYS FOR PLAINTIFFS**